**Phillip C. REARDON et al., Plaintiffs,**

v.

**The PENNSYLVANIA–NEW YORK CENTRAL TRANSPORTATION COMPANY, Defendant,**

and

**Interstate Commerce Commission, Interested Party,**

and

**Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, Interested Party.**

**No. C70–450.**

United States District Court,
N. D. Ohio, E. D.

Jan. 12, 1971.

Robert R. Disbro, Disbro & Ellerin, Cleveland, Ohio, for plaintiffs.

Thomas R. Skulina, Cleveland, Ohio, for Pennsylvania-New York Central.

Robert W. Ginnane, Gen. Counsel, James F. Tao, Atty., I.C.C., Washington, D. C., for the I.C.C.

Harold A. Ross, Cleveland, Ohio, and James L. Highsaw, Jr., William G. Mahoney, Washington, D. C., for Brotherhood of Railway, Airline and Steamship Clerks, etc.

## MEMORANDUM

BEN C. GREEN, District Judge.

The complaint in this declaratory judgment action alleges that the Interstate Commerce Commission, as a part of its order relating to the merger of the New York Central and Pennsylvania Railroad Companies, provided that no employee shall be deprived of employment or be placed in a worse position with respect to compensation, fringe benefits or rights and privileges pertaining thereto, at any time during employment as a consequence of said merger. It is further alleged that plaintiffs, employees of The Pennsylvania-New York Central Transportation Company, have been adversely affected in their employment by their employer, in violation of the said order.

The relief sought is a declaratory judgment declaring and establishing the plaintiffs' rights and protections by virtue of and in accordance with the applicable order of the Interstate Commerce Commission.

The Interstate Commerce Commission is joined in this action not as a defendant, but rather as an "interested party." A motion has been filed by the Commission to strike its name from the caption of the complaint and to dismiss it from this action.

For the authority to join an "interested party", plaintiffs rely upon the language of 28 U.S.C. § 2201, which creates the remedy of declaratory judgment in the courts of the United States. The reference to an "interested party" therein, however, is to one seeking a declaration of rights, and not to those who may be joined as parties defendant to such an action. Consequently, the specific language of § 2201 provides no basis for the joinder of the Commission herein.

It is generally held that all persons who have an interest in an "actual controversy" which is the subject matter of a complaint for declaratory judgment may be joined as parties defendant thereto. 6A Moore's Federal Practice (2nd Ed) ¶ 57.25. It is the Court's opinion that the complaint does not reflect any "actual controversy" involving the Commission. There are no allegations that the Commission's order is improper or violates any of plaintiffs' rights. Plaintiffs complain of their employer's failure to comply with the order. That is the "actual controversy" giving rise to this action, and the Commission disclaims any justiciable interest therein.

By the same token, the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees (hereinafter BRAC) is named as an "interested party", and moves for a dismissal of the complaint as to it. There is no reference at all to the BRAC in the body of the plaintiffs' complaint (the Court is, however, aware that the BRAC is the collective bargaining agent for certain of the Penn Central's employees). For the same reasons

as applied to the Interstate Commerce Commission, this Court is of the opinion that the BRAC has no proper place in this litigation.

The defendant Pennsylvania-New York Central Transportation Company has also moved for dismissal of the complaint. That motion, however, is predicated upon plaintiffs' alleged failure to exhaust the administrative remedy of arbitration and upon the alleged failure of the complaint to specify any provision of the Interstate Commerce Commission order granting plaintiffs' any rights or protections.

With regard to the alleged pleading deficiency, the Court is of the opinion that, under the theory of notice pleading, the complaint is sufficient to state a claim. More detailed information with regard to the defendant's alleged violations of the order can be secured through discovery.

As to the second basis of defendant's motion, it appears to the Court that it is predicated on a matter not of record herein. There are no affidavits or exhibits demonstrating the administrative remedies which defendant contends must be utilized. The motion is, therefore, insufficient on this ground.

There is another matter which concerns the Court: the applicability of 45 U.S.C. § 151 et seq. to the dispute between plaintiffs and their employer. That issue, however, while implicit in the motion to dismiss, has not been briefed by the parties, and the Court will not undertake to consider the same unless specifically raised by defendant.

Plaintiffs have moved for leave to amend the complaint. That motion is unopposed, and will be granted for lack of opposition.

An order will be entered granting the motions of the Interstate Commerce Commission and the BRAC to dismiss the complaint as to them; denying the motion of defendant Pennsylvania-New York Central Transportation Company to dismiss the complaint, without prejudice to a proper renewal thereof; granting plaintiffs' motion for leave to amend the complaint. Plaintiffs shall file, within ten days of receipt of said order, an amended complaint in accordance herewith.